Billy Mac MILES, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15677.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 11, 1989.

Gary M. Wilson, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Movant, Billy Mac Miles, appeals from the circuit court's denial, after evidentiary hearing, of his Rule 27.26 [1] motion to vacate consecutive five-year sentences imposed after his conviction on two unrelated counts of driving while intoxicated, third offense, which crimes are class D felonies. §§ 577.010.1, [2] 577.023.1(2), 577.023.3, and 558.011.1(4).

In his sole point relied on, Miles asserts the hearing court erred to movant's prejudice in denying his motion to vacate because:

[t]he preponderance of the evidence presented demonstrated that at the time of movant's trial the trial court acted without lawful authority to try movant as a persistent intoxication-related of-

---

1. Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed. 1988). The instant proceeding continues to be governed by Rule 27.26, as the sentences were pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 29.15(m), Mis-souri Rules of Criminal Procedure (19th ed. 1988).

2. All references to statutes are to RSMo, V.A. M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

fender under section 577.023.3, RSMo. Further, movant established by a preponderance of the evidence that his trial attorney was ineffective for failing to challenge the trial court's authority to proceed in said manner.

The point does not state why the trial court did not have legal authority to find that Miles was a persistent offender, and did not specify what Miles' trial attorney should have done to challenge any of the trial court's rulings on the persistent offender issue. Since the point relied on does not state wherein and why the ruling of the trial court on the persistent offender issue was erroneous, it preserves nothing for review. Rule 30.06(d); *State v. Gamble*, 649 S.W.2d 573, 576 (Mo.App.1983). Plain error review under Rule 30.20 is not justified, as the record plainly indicates that no error affecting the substantial rights of Miles occurred at the trial court level which resulted in manifest injustice or a miscarriage of justice.

The record reveals that in May of 1985, Miles was court-tried and convicted in Greene County, Missouri, of two unrelated counts of driving while intoxicated, third offense. The trial court found, and properly so, that Miles was a persistent offender, due to prior convictions for driving while intoxicated in March of 1978 in Webster County, and in October of 1979 in Greene County. Since Miles was a persistent offender due to his two prior convictions, § 577.023.1(2), his 1985 convictions were class D felonies, § 577.023.3, justifying imposition of the five-year sentence on each count. § 558.011.1(4). The trial court had the right to specify that the two five-year sentences imposed in 1985 were to run consecutively. § 558.026.1. The 1985 convictions and resulting five-year consecutive sentences were reviewed and affirmed on appeal. *State v. Miles*, 720 S.W.2d 35 (Mo. App.1986). Any objection trial counsel might have made to the trial court's finding that Miles was a persistent offender would have been futile, as the record conclusively established that he was a persistent offender. Counsel cannot be faulted for failing to make a nonmeritorious objection. *Shaw v. State*, 686 S.W.2d 513, 516 (Mo.App. 1985).

In its findings of fact and conclusions of law, the hearing court found that Miles had driving while intoxicated convictions in 1978 in Webster County, and in 1979 in Greene County, and concluded on that basis that Miles was a persistent offender. It also concluded that Miles failed to meet his burden of proof that his trial counsel was ineffective. Those findings and conclusions are supported by the record and are not clearly erroneous.

The order of the hearing court overruling Miles' motion to vacate his 1985 convictions is affirmed.

HOLSTEIN, C.J., and CROW, P.J., concur.