Moses YOUNG, Appellant,

v.

STATE of Missouri, Respondent.

No. 70699.

Supreme Court of Missouri,
En Banc.

May 16, 1989.

Rehearing Denied June 13, 1989.

Stormy B. White, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

FRANK CONLEY, Special Judge.

Appellant has appealed from the order of the Circuit Court of the City of St. Louis overruling his motion under Rule 27.26. Pursuant to Rule 83.06, we transferred the cause from the Court of Appeals, Eastern District, prior to opinion. We affirm.

Appellant was convicted of the shooting deaths of three individuals at a pawn shop on Natural Bridge Road in the City of St. Louis. Appellant earlier had an argument with one of the proprietors of another pawn shop over the value of a piece of jewelry that appellant wanted to pawn. He then went to a second shop owned by the same owners armed with a rifle and shot and killed three men inside the store. A fourth man escaped by hiding in the vault located in the basement of the store.

Appellant was found guilty by a jury of three counts of capital murder, § 565.001, RSMo 1978 (repealed effective October 1, 1984). The appellant was sentenced to death on each count. On appeal this Court affirmed. *State v. Young*, 701 S.W.2d 429

(Mo. banc 1985), *cert. denied,* 476 U.S. 1109, 106 S.Ct. 1959, 90 L.Ed.2d 367 (1986).

Appellant, *pro se,* on July 30, 1986, filed a Motion to Vacate. An amended motion was filed by appointed counsel on March 24, 1987. Numerous grounds were alleged, only two of which are preserved on this appeal from the denial of the Motion to Vacate. Appellant asserts that he is entitled to relief pursuant to Rule 27.26 because:

1) trial counsel was ineffective in failing to object and preserve for review the State's impermissible use of its peremptory strikes in removing venire persons of appellant's race solely because of race; and

2) trial counsel was ineffective in failing to pursue and to secure a change of venue.

Appellant also contends that this matter should be remanded for "a full hearing" on his complaints as to ineffective assistance of post-conviction counsel.

Because the first and second points involve claims with reference to ineffective assistance of trial counsel, it is necessary that the chronological order of counsel be established. The crime occurred on February 8, 1983, and appellant was arrested the following day. A public defender interviewed appellant but was told that appellant intended to hire private counsel. Appellant apparently talked with an attorney, James Bell, but he was never employed and he subsequently died. On March 3, 1983, Michael Musich, an attorney employed by the St. Louis City Public Defender, entered his appearance. It was attorney Musich who filed a Motion for Change of Venue. In October or early November 1983, appellant, as a result of his dissatisfaction with Musich, filed a suit against him in federal court. Musich on his own motion was then given leave to withdraw. Another public defender was appointed but almost immediately was given leave to withdraw as a result of "conflict of interest." Another public defender, Jack Walsh, entered his appearance on February 22, 1984, and was trial counsel during the trial in May 1984. Mr. Walsh was at first a contract public defender but at some point during the trial proceedings became a regular employee of the St. Louis Public Defender's Office.

■ Appellant contends that trial counsel was ineffective in his failure to make a *Batson* objection as a result of the peremptory strikes made by the state's attorney. For appellant to prevail on this issue, the "defendant must show that counsel's representation fell below an objective standard of reasonableness", *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984), and "the defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

When this case was tried in May 1984, the use by the state's attorney of peremptory challenges to remove potential black jurors was governed by *Swain v. Alabama,* 380 U.S. 202, 221, 85 S.Ct. 824, 836, 13 L.Ed.2d 759 (1965). *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69 (1986), was decided on April 30, 1986. This decision was made retroactive to all cases not yet final. *Allen v. Hardy,* 478 U.S. 255, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986). Appellant's petition for writ of certiorari was denied on May 5, 1986. *Young v. Missouri,* 476 U.S. 1109, 106 S.Ct. 1959, 90 L.Ed.2d 367 (1986). In this case the trial judge found no ineffective assistance of counsel in the failure of trial counsel to make a *Batson* objection. *Batson* and the standard set forth was not the law at the time of trial and trial counsel could not be reasonably expected to foresee such a change. Counsel's conduct must be "measured against the backdrop of the law at the time of trial." *Foster v. State,* 748 S.W.2d 903, 910 (Mo.App.1988), and *Scott v. State,* 741 S.W.2d 692, 693 (Mo.App. 1987).

Appellant contends that the testimony of trial counsel discloses that on the basis of his notes he believed that all of the state's peremptory challenges were used to strike black veniremen. He further contends that counsel should have made the *Batson*-type objection and that the issue would then have been preserved. It would indeed be a

heavy burden that we would impose if we were to require an attorney to anticipate what the law might be. We cannot require clairvoyance on the part of trial counsel. It should also be noted that trial counsel was not at all sure with reference to this matter, but rather depended upon certain notes and key numbers to assist him in this endeavor. If Mr. Walsh's notes are correct, the Movant's trial jury was composed of five black and seven white jurors. There is, however, no other evidence in this regard.

■ Appellant's second contention of ineffective assistance of counsel deals with his claim that counsel abandoned his request for a change of venue. This request was filed by attorney Musich and later abandoned by trial counsel. Appellant implies that trial counsel was not even aware of the existence of a request for change of venue. The transcript belies this contention.

Trial counsel testified that the basis for abandoning the request was his concern that if a change of venue was granted the case could go to a county with few persons of appellant's race. In his judgment this would not be in appellant's best interest. He also testified that he had discussed this matter with appellant and that it was his recollection that they reached the agreement that because of the possibility of going to an outstate county that they should not pursue this request. Although appellant testified to the contrary, the credibility of witnesses is for the trial court. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo. App.1986). The trial court found witnesses Musich and Walsh more credible on this issue.

The application of the *Strickland* test as to ineffective assistance of counsel not only requires that counsel's conduct be above an objective standard of reasonableness, but likewise that appellant was prejudiced thereby. Appellant's sole argument would appear to be that pretrial publicity prevented him from receiving a fair trial. Pretrial publicity, in itself, has never been held sufficient to create the presumption of prejudice. *Patton v. Yount*, 467 U.S. 1025, 104

S.Ct. 2885, 81 L.Ed.2d 847 (1984); *Irvin v. Dowd*, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed. 2d 751 (1961); *State v. Schneider*, 736 S.W.2d 392, 403 (Mo. banc 1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 786, 98 L.Ed. 2d 871 (1988); *State v. Molasky*, 655 S.W.2d 663, 666–67 (Mo.App.1983), *cert. denied,* 464 U.S. 1049, 104 S.Ct. 727, 79 L.Ed. 2d 187 (1984). Again, counsel's conduct is undeniably above the standard of reasonableness, and likewise there is no showing of prejudice by evidence or even by implication.

■ Appellant's final point is that the trial court erred in not ordering a new hearing with regard to his charges of ineffective assistance of counsel at the post-conviction proceedings. At no time during the hearing did appellant raise this issue. It is raised for the first time on appeal. Claims that are not raised in the post-conviction motion or tried by implicit consent of the parties at the time of evidentiary hearing cannot be reviewed for the first time on appeal. *Mallett v. State*, 716 S.W. 2d 902, 905 (Mo.App.1986); *Walker v. State*, 715 S.W.2d 261, 262 (Mo.App.1986); *Williams v. State*, 712 S.W.2d 404, 411 (Mo.App.1986).

A claim of ineffective assistance of counsel, even if it had been raised in the post-conviction proceedings below, "cannot be used to challenge the effectiveness of counsel in the post-conviction proceeding." *Lingar v. State*, 766 S.W.2d 640 (Mo. banc 1989); *Usher v. State*, 741 S.W.2d 677 (Mo. App.1987); *Feemster v. State*, 735 S.W.2d 159 (Mo.App.1987). The purpose of post-conviction proceedings is to challenge the validity of a conviction and sentence.

The judgment is affirmed.

BILLINGS, C.J., BLACKMAR, WELLIVER, RENDLEN and HIGGINS, JJ., and GAITAN, Special Judge, concur.

ROBERTSON, J., not sitting.

DONNELLY, J., retired December 31, 1988.

COVINGTON, J., not participating because not a member of the Court at the time the cause was submitted.