STATE of Missouri, Appellant,

v.

William Tommy STEWART, Respondent.

No. 74473.

Supreme Court of Missouri,
En Banc.

June 30, 1992.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for appellant.

Janet M. Thompson, Columbia, for respondent.

HAROLD L. LOWENSTEIN, Special Judge.

This case has been transferred, following opinion, from the Court of Appeals, Southern District. The crucial question before the Court is the interpretation of the elements the state must charge and prove to show "persistent offender" status under § 577.023, RSMo Cum.Supp.1991,[1] Missouri's provisions enhancing punishment for drunk driving offenses.

The respondent, Stewart, was charged with driving while intoxicated on April 1, 1989. Section 577.010, RSMo 1986. By an amended information he was also charged as being a prior (Class A misdemeanor) and a persistent (Class D felony) offender, resulting in automatic increased punishment. The charge alleged that Stewart entered pleas on February 24, 1986, and March 30, 1988, to DWI felonies. A jury found him guilty, and the court ultimately sentenced him as a prior offender to one year in the county jail.

1. Portions of § 577.023 have been amended effective July 1, 1992. Subdivisions (2) and (3) of

## I.

As related to intoxicated-related traffic offenses, prior and persistent offenders are defined in § 577.023.1(1) as follows:

> (2) A "persistent offender" is one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related traffic offense conviction; and

> (3) A "prior offender" is one who has pleaded guilty to or has been found guilty of an intoxication-related traffic offense within five years of a previous intoxication-related traffic offense conviction.

Stewart persuaded the trial court that the state had failed to plead facts sufficient to support persistent offender status, since the dates of conviction were pled but the dates of commission of the two offenses were not. The southern district affirmed, holding the persistent offender definition ambiguous as to operative date, and applying the "rule of lenity" as re-defined in *Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980). Simply stated this rule of statutory construction arises when there is an ambiguity in criminal prohibitions and "the penalties they impose." *Bifulco* at 387, 100 S.Ct. at 2252. The policy of lenity means a court will not *increase* the penalty when such an interpretation is based on no more than a "guess" as to legislative intent. *Id.* The southern district found the inclusion of "committed at different times" in the persistent offender definition ambiguous and then applied the "date of commission" rather than "date of conviction" as the operative date. The reasoning of the defendant and the court of appeals was that since an offense could be committed outside the ten-year window, even if conviction was within the statutory time period, "date of commission" was more lenient.

this section, which apply to this case, are unchanged.

The state has appealed the southern district decision pursuant to § 547.200.2, RSMo 1986, and contends that Stewart should have been found to be a persistent offender. This appeal is appropriate, because the debate concerns not only an interpretation of this statute, but a split in decision between the districts, since the southern district's interpretation of § 577.-023.1(1) is diametrically opposed to the western district's conclusion that the dates of conviction control in determining intoxication-related persistent offender status. *State v. Conz*, 756 S.W.2d 543 (Mo.App. 1988). The issue on appeal to this Court is whether the date of commission or the date of conviction is the operative date in § 577.-023.1(2). Initially, a comparison to the prior and persistent offender definitions in the general criminal statutes, found in § 558.-016.2 and .3, results in an interesting similarity and may explain the current confusion. In § 558.016, RSMo Cum.Supp.1991, a persistent offender is one who "has pleaded guilty to or has been found guilty of two or more felonies committed at different times" § 558.016.3. A prior offender has simply "plead guilty to or been found guilty of one felony" § 558.016.2. The intoxication-related recidivist statute reads essentially the same, with the addition of the ten-year and five-year time limits.

## II.

The commission v. conviction dispute is overshadowed by a far more serious question as to the state's burden to prove prior and persistent intoxication-related offender status. It would be an abdication of this Court's duty to overlook a fundamental problem with determining who may be sentenced as a persistent offender and found guilty of a Class D felony under § 577.023.

■ The plain words of § 577.023.1(2) require "two or more ... offenses (whether commission or conviction dates are operative) ... within ten years of a *previous* ... conviction." (Emphasis added). The clear import of this language is to require two offenses within ten years of a previous conviction. There is no ambiguity or doubt

here so as to trigger the rule of lenity. By the language the legislature has used, there must be two offenses within ten years of a previous offense, *not* two prior to the one for which enhancement is sought. "Previous" is defined in Webster's third new International Dictionary, Unabridged as follows:

1a: going or existing before in time, earlier,

1b: preceding in spatial order,

1c: antecedent, prior

The long and short of this is that the charge and the proof required to find and punish a person as a persistent offender under § 577.023.1(2) must involve a total of three offenses prior to the one at bar. *See* § 577.023.12, RSMo Cum.Supp.1991. This may not have been the intent of the legislature, but the clear words of the statute govern interpretation. *State v. Sweeney*, 701 S.W.2d 420, 423 (Mo. banc 1985); *State v. Harrison*, 805 S.W.2d 241, 243 (Mo.App. 1991). If the legislature meant to use the present charge as the operative event from which to determine the ten-year time limit, it should have said "within ten years of the present ... conviction" rather than "within ten years of a previous ... conviction." There must be a previous conviction and the state must plead two offenses or convictions within ten years of that previous conviction.

The language and reasoning of *State v. Treadway*, 558 S.W.2d 646, 653 (Mo. banc 1977), *cert. denied* 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978) controls judicial scrutiny of the intoxication-related persistent offender law:

It is an ancient rule of statutory construction and an oft-repeated one that penal statutes should be strictly construed against the government or parties seeking to exact statutory penalties and in favor of persons on whom such penalties are sought to be imposed. When the law imposes a punishment which acts upon the offender alone, and it is not a reparation to the party injured, and the punishment is entirely within the discretion of the law giver, it will not be presumed that the legislature intended the

punishment to extend farther than is expressly stated.

\* \* \* \* \* \*

And as a corollary of the rule, in case of doubt concerning the severity of the penalty prescribed by a statute construction will favor a milder penalty over a harsher one. 3 Sutherland, Statutory Construction § (4th ed. 1974).

The statute here must be given effect as written, *State v. Ewanchen*, 799 S.W.2d 607, 609 (Mo. banc 1990). The courts cannot interpolate words or a different meaning into a criminal statute other than that which was legislatively enacted, *State v. Bartley*, 263 S.W. 95, 304 Mo. 58 (1924). If the legislature intended that the two priors be within ten years of the present offense in order to result in enhancement, it should have said so. This ruling applies equally to the prior offender provision, such that proof of a conviction prior to a previous conviction is necessary to establish prior offender status. Therefore, defendant Stewart's conviction as a prior offender is affirmed, since the state did plead and prove two prior offenses. There has been no suggestion that conviction dates, which were pled and proved by the state, are not the operative dates for determining intoxication-related *prior* offender status.

■ That the amended information here tracked Supreme Court approved MACH–CR 31.02 and the Notes on Use 4.d.ii (1985 Rev.) does not mandate support for the state's position. To the extent that the recommended charge and accompanying Notes are contrary to this opinion, they shall no longer be followed. Because this opinion results in an extended burden upon the state in charging and sentencing under the intoxication-related recidivist provisions, this Court deems the decision to be substantive; therefore it has both retrospective and prospective application. *State v. Walker*, 616 S.W.2d 48, 49 (Mo. banc 1981). *Cf. State v. Shafer*, 609 S.W.2d 153, 157 (Mo. banc 1980). The retrospective application is as to all pending cases not finally adjudicated as to the date of this opinion, *T.C.H. v. K.M.H.*, 693 S.W.2d 802, 805 (Mo. banc 1985).

■ In conclusion, a decision on the state's point on appeal is not necessary to the determination of this case. The state only pled two conviction dates and, therefore, did not prove persistent offender status under this opinion. Since there is no conviction/commission controversy surrounding prior offender status, the state adequately proved such with the 1988 and 1986 conviction dates. The legislature is urged to evaluate § 577.023's intoxication-related prior and persistent offender provisions regarding the necessity for three offenses to prove persistent offender status and two offenses to prove prior offender status. Additionally, the legislature may want to resolve the controversy concerning conviction and commission dates in § 577.-023.1(2).

The judgment is affirmed.

ROBERTSON, C.J., and COVINGTON, HOLSTEIN, BENTON, THOMAS and PRICE, JJ., concur.