**Vernon TATE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 17834.**

Missouri Court of Appeals,
Southern District, Division Two.

Jan. 27, 1993.

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

Movant Vernon Tate appeals from the trial court's denial, without evidentiary hearing, of his Rule 24.035[1] motion seeking to vacate a judgment and sentence entered on a plea of guilty to a charge of driving while intoxicated. Movant was sentenced, as a persistent offender, § 577.023.-1(2), to five years' imprisonment, "said sentence to run consecutively with the Newton County sentence he is now serving."

The information charged that Tate committed "the Class D Felony" of driving while intoxicated and that the offense took place on December 5, 1990, in Jasper County, in that he operated a motor vehicle while under the influence of alcohol. The information also charged two prior convictions of driving while intoxicated.

Movant filed a timely pro se motion seeking postconviction relief pursuant to Rule 24.035. The grounds for relief contained in the motion included the following: Movant

---

**1.** All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

should have been convicted of a Class A misdemeanor rather than a Class D felony and the sentence imposed by the court was in excess of that authorized by law.

The court appointed the public defender to represent movant. The public defender entered his appearance for movant and filed an application for extension of time in which to file an amended motion. The application was granted and movant was given an additional 30 days in which to file an amended motion. No amended motion was filed.

On August 30, 1991, a hearing was held. Movant was not present in person but was represented by the public defender. On the record, the court asked the public defender why no amended motion was filed. The defender replied that he had investigated the case, reviewed the court documents in the case and the underlying criminal case and the court records of "the cases used to charge movant as a felony DWI offender." The public defender also said that he had corresponded with movant and had talked to movant's counsel at the plea hearing. The defender then stated: "After reviewing all the records and after making an independent investigation of all the facts and circumstances and after consulting with movant I can find no additional grounds with which to draft an amended motion."

On September 11, 1991, the trial court entered findings and conclusions and denied movant's motion. The court found that the public defender had neither neglected nor abandoned movant in the post-conviction proceeding.

Movant contends that the trial court erred: (1) in failing to vacate movant's sentence as a persistent offender in that the state did not charge and prove that movant had two or more intoxication-related traffic offenses committed at different times within 10 years of a previous intoxication-related traffic offense conviction; (2) in ruling that the public defender's failure to file an amended motion was not due to abandonment in that movant was not permitted to be present at the hearing of August 30, 1991, when the issue of abandonment was determined.

The state, as respondent, concedes that the trial court, at the guilty plea hearing, plainly erred in finding movant to be a "persistent offender" within the meaning of § 577.023.1(2) because that finding was inconsistent with the holding in State v. Stewart, 832 S.W.2d 911 (Mo. banc 1992). In Stewart, the court dealt with the terms "persistent offender" and "prior offender" as used in § 577.023.1. The court held, at 913, "that the charge and the proof required to find and punish a person as a persistent offender under § 577.023.1(2) must involve a total of three offenses prior to the one at bar.... There must be a previous conviction and the state must plead two offenses or convictions within ten years of that previous conviction."

The court said, at 914:

This ruling applies equally to the prior offender provision, such that proof of a conviction prior to a previous conviction is necessary to establish prior offender status. Therefore, defendant Stewart's conviction as a prior offender is affirmed, since the state did plead and prove two prior offenses.... Because this opinion results in an extended burden upon the state in charging and sentencing under the intoxication-related recidivist provisions, this Court deems the decision to be substantive; therefore it has both retrospective and prospective application. The retrospective application is as to all pending cases not finally adjudicated as to (sic) the date of this opinion. (Citing authorities.)

A person convicted of driving while intoxicated who is a prior offender is guilty of a Class A misdemeanor, § 577.023.2. Conviction of a Class A misdemeanor carries an authorized term of imprisonment not to exceed one year, § 558.011.1(5), and a fine not to exceed $1,000, § 560.016.1(1). A person convicted of driving while intoxicated who is a persistent offender is guilty of a Class D felony, § 577.023.3. Conviction of a Class D felony carries an authorized term of imprisonment not to exceed five years, § 558.011.1(4), and a fine not to

exceed $5,000, § 560.011.1(1). See also § 557.011.2.

Movant argues, validly, that under *Stewart* he could have been found to be only a prior offender. The trial court, in imposing sentence, found him to be a persistent offender. Movant requests this court to reverse the trial court's denial of postconviction relief, vacate the sentence, and remand the case to the trial court for sentencing within the range of punishment for a Class A misdemeanor.

The state argues "that the more appropriate remedy would be a remand in order to allow the state to amend the information and resubmit proof of prior convictions, should movant have any other intoxication-related traffic offenses on his record," and that a hearing should be held to determine movant's status as a prior or persistent offender.

In *State v. Olson,* 844 S.W.2d 539 (Mo. App.1992), the state made the same argument and this court rejected it. See also *State v. Elliott,* 845 S.W.2d 115 (Mo.App. 1993).

Section 577.023.5 sets forth the requirements which must be met in order for the court to find that the defendant is a "persistent offender" as that term is defined in § 577.023.1(2), as amended 1992. As applicable here, those requirements are that the information plead all essential facts warranting a finding that the defendant is a persistent offender, that evidence be introduced establishing sufficient facts to warrant a finding beyond a reasonable doubt the defendant is a persistent offender, and that the court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a persistent offender. Upon a plea of guilty, "the court may defer the proof in findings of such facts to a later time, but prior to sentencing." § 577.023.7, as amended 1992. In the case at bar, these requirements, in light of *Stewart,* were not met.

[A] guilty plea must be voluntarily entered with a full understanding of the direct consequences of the plea. *United States v. Williams,* 899 F.2d 1526, 1531 (6th Cir.1990); *Caudill v. Jago,* 747 F.2d 1046 (6th Cir.1984); see *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969).

*U.S. v. Ferguson,* 918 F.2d 627, 630 (6th Cir.1990).

The state's argument is inconsistent with the foregoing principle.

In accordance with movant's request, this court reverses the judgment, vacates the sentence, and remands the case to the trial court for sentencing within the range of punishment for a Class A misdemeanor.

The foregoing disposition makes it unnecessary to consider movant's second contention set forth previously. On remand, movant will not be involved, in this case, with a proceeding under Rule 24.035 for the reason that the rule applies only to "[a] person convicted of a *felony* on a plea of guilty and delivered to the custody of the department of corrections." Rule 24.-035(a). (Emphasis added.)

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

MONTGOMERY, P.J., and PREWITT, J., concur.