**Charles R. HAWKINS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 18413.**

Missouri Court of Appeals, Southern District, Division Two.

May 10, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 27, 1993.

Application to Transfer Denied June 29, 1993.

Craig A. Johnston, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant entered a plea of guilty to a Class D felony of driving while intoxicated and was sentenced to one-year imprisonment. Thereafter, he filed a motion under Rule 24.035, seeking to vacate the conviction. The trial court denied the motion without an evidentiary hearing. Movant appealed.

Movant contends that the trial court erroneously denied his motion as he was sentenced as a persistent driving-while-intoxicated offender. He says the sentencing was improper because the state only pled and showed two prior intoxicated-related offenses prior to the one in which he entered a plea. As § 577.023, RSMo 1986, was construed in *State v. Stewart*, 832

S.W.2d 911 (Mo. banc 1992), there must be three offenses prior to the one charged, to make one a persistent offender.

In the alternative, movant contends the trial court erred because his plea of guilty was not freely, voluntarily, and understandably made because he received ineffective assistance of counsel. He says he was advised by counsel that he could be sentenced to a maximum of five-years' imprisonment, when he could only be sentenced to one year and a fine of up to a thousand dollars because he had only two prior intoxicated-related driving offenses, not the requisite three.

Anticipating problems such as is presented, the court in *Stewart* stated that its decision had "retrospective application ... to all pending cases not finally adjudicated as to the date of this opinion". 832 S.W.2d 914. The opinion was issued June 30, 1992. Defendant's plea was entered and defendant sentenced on May 15, 1992.

A case is "pending" until direct review is exhausted. *State v. Jackson*, 836 S.W.2d 1, 8 (Mo.App.1992). See also *State v. Sumlin*, 820 S.W.2d 487, 490 (Mo. banc 1991). As no appeal was taken, that matter was final and not pending at the time of the *Stewart* decision. *Cf. Finley v. State*, 847 S.W.2d 105 (Mo.App.1992); *Barnes v. State*, 826 S.W.2d 74 (Mo.App.1992). *Stewart* is not available to aid movant.

Counsel could not be ineffective in not anticipating *Stewart*. The opinion appears contrary to MACH–CR 31.02 (1985 rev.), "Driving While Intoxicated," then in effect, and the Notes on Use 4.d.ii following it, as well as prior decisions. *E.g.*, *Miles v. State*, 763 S.W.2d 379 (Mo.App. 1989).

In determining whether counsel gives ineffective assistance, the attorney's conduct is measured by what the law is considered at the time of trial. *Young v. State*, 770 S.W.2d 243, 244 (Mo. banc 1989). Trial counsel is not ineffective for not anticipating a change in the law. *Id.* See also *Williamson v. State*, 628 S.W.2d 895, 897 (Mo.App.1981); *Benson v. State*, 611

S.W.2d 538, 543–546 (Mo.App.1980). Federal decisions also hold that counsel's failure to anticipate a change in existing law is not ineffective assistance of counsel. *Randolph v. Delo*, 952 F.2d 243, 246 (8th Cir. 1991), cert. denied —— U.S. ——, ·112 S.Ct. 1967, 118 L.Ed.2d 568 (1992); *Johnson v. Armontrout*, 923 F.2d 107, 108 (8th Cir. 1991), cert. denied —— U.S. ——, 112 S.Ct. 106, 116 L.Ed.2d 75 (1991). Point II is denied.

The judgment is affirmed.

MONTGOMERY, P.J., and GARRISON, J., concur.

### ON MOTION FOR REHEARING OR TRANSFER TO THE SUPREME COURT

Movant has filed a motion for rehearing or transfer to the Missouri Supreme Court contending the above opinion "was contrary" to this district's opinion in *Tate v. State*, 846 S.W.2d 236 (Mo.App.1993). We do not agree. There was no question of retroactivity in *Tate*. As the opinion states, the "state, as respondent, concedes that the trial court ... plainly erred in finding movant to be a 'persistent offender.'" 846 S.W.2d at 237. Here the application, or not, of *Stewart* was raised. The motion for rehearing or transfer is denied.