Roger WINKLER, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 18441.

Missouri Court of Appeals,
Southern District,
Division Two.

July 2, 1993.

Roger Winkler, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

On November 30, 1990, appellant Roger Winkler entered a plea of guilty to the class D felony of driving while intoxicated. The court imposed a five-year sentence to run consecutively with two previously imposed seven-year sentences (in cases CR489–636FX and CR489–689FX), and to run concurrently with two previously imposed concurrent seven-year sentences (in cases CR489–691FX and CR489–690FX). Execution of the sentence in this case was suspended, and Winkler was placed on probation.

In September 1991, a report of probation violation was filed. On October 16, 1991, at the violation hearing, Winkler admitted that he had violated the probation order. The court revoked probation and ordered execution of the sentence. The docket entry for October 16, 1991, in addition to reciting the foregoing actions, contained

this statement: "Defendant to serve 120 days at Mineral Point Treatment Center." That language was not inserted in the judgment and sentence. The sheriff delivered Winkler to the Department of Corrections on October 22, 1991.

On August 28, 1992, Winkler, acting pro se, filed in the trial court a document entitled "Motion for Nunc Pro Tunc Order." That motion contained sections entitled "Statement of Facts," and "Legal Discussion." The prayer of the motion was that the court "enter its order in nunc pro tunc to reinstate [Winkler's] probation, vacate his felony conviction in the above entitled cause, and any further relief it deems necessary and just under the circumstances."

On September 10, 1992, the court entered its order overruling the motion. Winkler appeals.

Winkler contends that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because: (a) "it is forcing [Winkler] to remain incarcerated for a term of 19 years for essentially a misdemeanor violation, a manifest injustice that shocks the conscience," and (b) "the clerical error of not recording the sentencing court's instructions on [Winkler's] sentence and judgment sheet denied him [an] alcohol treatment program and, thus, consideration for 120–day shock probation."

Prong (a) misstates the record in that the sentence in the instant case was for a period of 5 years, not 19 years. The two seven-year sentences, to which the instant sentence runs consecutively, were imposed in other cases. Resort to the argument portion of Winkler's brief discloses that he bases prong (a) upon *State v. Stewart*, 832 S.W.2d 911 (Mo. banc 1992). Winkler claims that the holding in *Stewart* applies to him. In *Stewart* the court said, at 913: "[T]he charge and proof required to find and punish a person as a persistent offender under § 577.023.1(2)[1] must involve a

total of three offenses prior to the one at bar." The court affirmed Stewart's conviction as a prior offender since the state did plead and prove two prior offenses. The court also held that its ruling applied retrospectively "as to all pending cases not finally adjudicated as to the date of this opinion [June 30, 1992]."

■ *Stewart* is of no aid to Winkler because his plea was entered and he was sentenced on November 30, 1990. A case is "pending" until direct review is exhausted. *State v. Jackson*, 836 S.W.2d 1, 8 (Mo.App.1992). See also *State v. Sumlin*, 820 S.W.2d 487, 490 (Mo.banc 1991). As no appeal was taken, that matter was final and not pending at the time of the *Stewart* decision. Cf. *Finley v. State*, 847 S.W.2d 105 (Mo.App.1992); *Barnes v. State*, 826 S.W.2d 74 (Mo.App.1992). See also *Hawkins v. State*, 854 S.W.2d 606 (Mo.App. 1993).

■ An independent reason for the invalidity of prong (a) is that it is an attempt to seek post-conviction relief under circumstances contemplated by Rule 24.035(a). Movant did not file a Rule 24.035 motion within the time limit required by Rule 24.035(b) nor substantially in the form of Criminal Procedure Form No. 40 as required by Rule 24.035(b). Rule 24.035 provides the exclusive procedure by which a prisoner may seek relief in the sentencing court for the claims enumerated in it. See Rule 24.035(a). The "claims enumerated" include claims that the judgment of conviction or sentence imposed violated the constitution or laws of Missouri or the Constitution of the United States or that the sentence imposed was in excess of the maximum sentence authorized by law.

■ Prong (b) refers to that portion of the docket entry for October 16, 1991, which reads: "Defendant to serve 120 days at Mineral Point Treatment Center." That language was not inserted in the judgment

---

**1.** All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

and sentence. Because movant, so he claims, was received at a different facility, he claims he was prejudiced by the failure of the sentence and judgment to include that provision.

Nothing in this opinion should be viewed as holding that the trial court's order of September 10, 1992, was appealable. In *State v. Murphy*, 626 S.W.2d 649, 650 (Mo. App.1981), the court said:

Section [547.070] provides:

"In all cases of final judgment rendered upon any indictment or information, an appeal to the proper appellate court shall be allowed to the defendant. ..."

This section governs the right of appeal in criminal cases. The right to appeal is based upon statutory law. Unless there is statutory authority, there is no right to an appeal.

In *Murphy*, defendant, by appeal, sought to challenge her incarceration by claiming that she was denied due process in connection with a hearing for revocation of probation. The court of appeals denied the state's motion to dismiss the appeal, stated that habeas corpus is the proper remedy to test the legality of incarceration, dealt with the claims on their merit, and affirmed the judgment.

In *State v. Carter*, 399 S.W.2d 74 (Mo. 1966), the court said, at 76:

In *State v. Stodulski*, Mo., 298 S.W.2d 420, 424, this court held that a motion by a defendant in which he seeks relief from what he asserts to be an invalid sentence is not to be determined by the name given to it, but rather upon the facts alleged and the relief sought....

Treating the instant appeal as a petition for writ of habeas corpus, this court holds that Winkler is not entitled to relief.

Section 558.011.3(1) reads, in pertinent part: "When a regular sentence of imprisonment for a felony is imposed, the court shall commit the defendant to the custody of the department of corrections for the term imposed under § 557.036, RSMo, ..." "Offenders shall be delivered to the center designated by the director." § 217.300.2 (as amended 1989). The references are to the Department of Corrections of the State of Missouri and the director of the Department of Corrections or his designee. § 217.010(4)(5) (as amended 1989). See also Rule 29.10.

The statement in the docket entry of October 16, 1991,—"Defendant to serve 120 days at Mineral Point Treatment Center"—was omitted, and properly so, from the judgment and sentence. Winkler's motion sought the inclusion in the judgment and sentence of a provision which was unlawful because it was beyond the power of the court to require. Accordingly, Winkler's motion fails to set forth facts showing that his restraint is illegal or improper.

The order of the trial court denying Winkler relief on his motion was correct. This court denies Winkler relief on his request for habeas corpus relief.

MONTGOMERY, P.J., and PREWITT, J., concur.