**Jack R. GOUGLER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 18484.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 18, 1993.

Lew Kollias, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

On April 17, 1992, Jack R. Gougler ("Movant") pled guilty to driving while intoxicated ("DWI"), § 577.010, RSMo 1986. The date of the crime was March 23, 1992. The information alleged—and Movant admitted—he had two previous convictions of DWI, one in 1987 and one in 1991. The plea court sentenced Movant to four years'

imprisonment as a persistent offender (class D felony) per § 577.023.1(2), RSMo 1986.[1] Judgment and sentence were entered the date of the plea.

On June 30, 1992, the Supreme Court of Missouri decided *State v. Stewart*, 832 S.W.2d 911 (Mo. banc 1992). *Stewart* construed § 577.023, RSMo 1986, to require three intoxication-related traffic offense convictions prior to the one charged to constitute the accused a persistent offender.

On July 15, 1992, Movant commenced the instant action by filing a pro se motion per Rule 24.035[2] to vacate the conviction and sentence. The motion averred, among other things, that Movant was illegally sentenced for a felony in that three previous DWI convictions are required to enhance punishment as a persistent offender. Movant charged the lawyer who represented him in the plea court with ineffective assistance in advising him that the crime with which he was charged was a felony.

The motion court appointed counsel for Movant. Counsel filed an amended motion for relief on Movant's behalf. Following an evidentiary hearing, the motion court issued findings of fact and conclusions of law, and denied relief. Movant appeals.

■ The first of Movant's two points relied on avers the motion court erred in denying relief in that Movant's four-year sentence exceeds the maximum allowable punishment for the crime of which he was convicted. Movant maintains that because he had only two previous DWI convictions, the crime to which he pled guilty was only a class A misdemeanor. Consequently, argues Movant, his sentence should be vacated and he should be sentenced anew within the range for a class A misdemeanor.

This Court addressed the same contention in *Hawkins v. State*, 854 S.W.2d 606 (Mo.App.S.D.1993). There, the accused pled guilty May 15, 1992, to DWI and was sentenced as a persistent offender per

---

**1.** Section 577.023, RSMo 1986, was repealed effective July 1, 1992, and replaced by a new section, similarly numbered. Laws of Missouri 1991, C.C.S.H.S.H.C.S.S.C.S.S.B. 125 and 341, §§ A and B, pp. 702–17.

**2.** Rule references are to Missouri Rules of Criminal Procedure (1992).

§ 577.023, RSMo 1986. Later, relying on *Stewart,* the accused in *Hawkins* sought postconviction relief under Rule 24.035. The motion court denied relief, and this Court affirmed, holding *Stewart* did not apply because the accused in *Hawkins* did not appeal, hence his case was final and not pending when *Stewart* was decided. *Hawkins,* 854 S.W.2d at 607[2].

 The same circumstances exist here. The docket sheet in Movant's DWI case is bare of any indication that he appealed the conviction.[3] Movant does not argue otherwise.

Consistent with *Hawkins,* we deny Movant's first point. In doing so, we do not overlook *Tate v. State,* 846 S.W.2d 236 (Mo.App. S.D.1993), a decision of this Court which preceded *Hawkins* by some three months. In *Tate,* this Court reversed an order denying relief in a postconviction proceeding where the facts were similar to those in *Hawkins.* In a motion for rehearing in *Hawkins,* the prisoner argued our holding adverse to him was contrary to *Tate. Hawkins,* 854 S.W.2d at 608. We rejected that argument, pointing out that in *Tate,* the State conceded the trial court erred in finding the accused to be a persistent offender. *Id.* Unlike *Tate,* the issue of retrospective application of *Stewart* was raised in *Hawkins* and, as explained above, this Court held *Stewart* did not apply in the circumstances presented in *Hawkins,* 854 S.W.2d at 608.

In the instant case, the State relies on *Hawkins* in support of its contention that *Stewart* does not apply retrospectively to Movant's conviction. We agree, and hold *Tate* does not compel us to apply *Stewart* here.

 Movant's second point asserts the motion court erred in denying relief in that Movant received ineffective assistance of counsel when his lawyer in the plea court allowed him to plead guilty to "class D felony DWI" and receive a four-year sen-

tence. Movant contends he could have been charged with only "class A misdemeanor DWI," therefore his lawyer's substandard performance rendered the guilty plea involuntary.

We addressed and rejected the same contention in *Hawkins,* pointing out the accused's lawyer there could not be branded ineffective for failing to anticipate *Stewart. Hawkins,* 854 S.W.2d at 607–08[3] and [4, 5]. What we said in *Hawkins* applies here.

We reject Movant's second point and affirm the motion court's order denying relief.

PREWITT and GARRISON, JJ., concur.

---

**3.** A defendant may appeal from the judgment and sentence entered upon a guilty plea; however, the scope of review on such an appeal is restricted to the question of the jurisdiction of the subject matter and the sufficiency of the criminal charge. *Tygart v. State,* 752 S.W.2d 362, 365[1] (Mo.App.S.D.1988); *State v. O'Neal,* 626 S.W.2d 693, 694 (Mo.App.S.D.1981); *State v. LePage,* 536 S.W.2d 834, 835 (Mo.App.1976).