STATE of Missouri, Plaintiff–
Respondent,

v.

Bobby Gene HARRIS, Defendant–
Appellant.

No. 18337.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 29, 1993.

Randee S. Stemmons, Stemmons, Stemmons & Cowherd, P.C., Mt. Vernon, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GARRISON, Judge.

Bobby Gene Harris (Movant) entered a plea of guilty to the Class D felony of driving while intoxicated under an information which also alleged two prior convictions. On June 17, 1992, he was sentenced to three years' imprisonment and fined $500 as a persistent offender pursuant to § 577.023.[1] Execution of the sentence was suspended and he was

1. All references to statutes are to RSMo 1986, V.A.M.S.

placed on probation for three years. Movant filed no direct appeal from that judgment and sentence.

On June 30, 1992, the Missouri Supreme Court decided *State v. Stewart*, 832 S.W.2d 911 (Mo. banc 1992). The *Stewart* opinion construed § 577.023 to require three prior convictions, rather than two, in order to charge "persistent offender" status and authorize the imposition of punishment permitted for a Class D felony. In the *Stewart* opinion, the Supreme Court said that the decision had "retrospective application ... to all pending cases not finally adjudicated as to the date of this opinion." 832 S.W.2d at 914.

On July 14, 1992, Movant filed a motion under Rule 29.13 [2] wherein he alleged that, by reason of the *Stewart* opinion, the facts stated in the information did not constitute an offense. He requested that the judgment be set aside and the felony information be dismissed. Movant appeals the subsequent denial of that motion.

■ The issue on this appeal is whether Movant's case was "pending" and "not finally adjudicated" on June 30, 1992 when the *Stewart* case was decided. Movant argues that it was, and that pursuant to *Stewart* the motion court erred in denying his Rule 29.13 motion.

■ Movant contends that his Rule 29.13 motion was filed within thirty days, as allowed by the Rule, and therefore his judgment and sentence did not become final until ten days after his motion was denied. In his brief, he argues:

Rule 30.01(a) requires "the notice of appeal to be filed no later than ten days after the judgment or order appealed from becomes final." If the trial court has the authority to set aside a judgment upon motion of the defendant on the grounds of the sufficiency of the information, pursuant to Rule 29.-13(a), the judgment cannot be "final" until

the defendant's timely motion to set aside judgment is ruled on.

The relief Movant seeks is the avoidance of the judgment and sentence. A judgment in a criminal case, however, becomes final for purposes of appeal when sentence is entered, *State v. Lynch*, 679 S.W.2d 858, 860 (Mo. banc 1984), and an appeal must be filed within ten days thereafter. *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692, 693 (Mo. banc 1979). The same time limit applies to those cases where an appeal is permitted from a guilty plea.[3] *State v. Werbin*, 597 S.W.2d 663, 664 (Mo.App.1980).

In the instant case, Movant did not appeal from the judgment and sentence within ten days after they were entered. His right to appeal had, therefore, expired when the *Stewart* case was decided. This court has previously held that, under similar circumstances, a case is not pending, and the retrospective application of the *Stewart* decision is not authorized. *Hawkins v. State*, 854 S.W.2d 606, 607 (Mo.App.1993). *See also Winkler v. State*, 856 S.W.2d 910, 911 (Mo. App.1993). The same result applies to the case at bar.

■ Notwithstanding the authorities discussed above, Movant seems to argue that a case does not become final until authorized motions which may have an effect on the conviction have been filed and ruled on. This court has not given that effect to Rule 24.035 motions filed after the time for direct appeal has expired.[4] *See Hawkins v. State*, 854 S.W.2d at 607; *Gleason v. State*, 851 S.W.2d 51, 52 (Mo.App.1993). See also *Winkler v. State*, *supra*, in which no direct appeal was taken within the time allowed, and retrospective application of *Stewart* was denied where that issue was raised in a motion seeking a *nunc pro tunc* order to vacate the felony conviction. Under these decisions, the effect of authorized postconviction motions filed after the time allowed for

---

**2.** All references to rules are to Missouri Rules of Court, V.A.M.R.

**3.** Insufficiency of the charge is one basis upon which a defendant may appeal after entering a guilty plea. *State v. Gist*, 800 S.W.2d 94, 96 (Mo.App.1990).

**4.** We recognize there are distinctions between motions filed pursuant to Rule 29.13 and those under Rule 24.035. Under Rule 24.035, however, the court is authorized to grant relief to a person who has pleaded guilty to a felony if the judgment or sentence imposed violates the law or if the sentence was in excess of the maximum authorized.

direct appeal has not been to revive and make "pending" cases which were final and in which there were no pending issues for adjudication when the *Stewart* case was decided. We decline Movant's request to find a meaningful distinction between those decisions and the instant case.

Movant cites *Tate v. State,* 846 S.W.2d 236 (Mo.App.1993), wherein this court reversed, vacated the sentence, and remanded the case to the trial court for sentencing as a Class A misdemeanor by reason of *State v. Stewart.* As recognized in *Hawkins v. State,* 854 S.W.2d at 608, the question of retroactivity was not raised in the *Tate* case. In both the *Hawkins* case and the instant case, the retroactivity of *State v. Stewart* is directly in issue. Consistent with *Hawkins,* we hold that this case was not "pending" when *State v. Stewart* was decided and that the motion court did not err in denying Movant's Rule 29.13 motion.

The order appealed from is therefore affirmed.

MONTGOMERY, P.J., concurs.

PREWITT, J., dissents and files dissenting opinion.

PREWITT, Judge, dissenting.

I respectfully dissent. I believe that this case was pending and not fully adjudicated when *Stewart* was decided. To decide otherwise is to nullify and ignore Rule 29.13.

The matter might have been final for appeal, but that does not mean it was final for all purposes. "It is sufficient to note that a judgment may be characterized as final in one sense or for some purpose and as not final in another sense or for another purpose. *State ex rel Berbiglia v. Randall,* 423 S.W.2d 765, 768–769[1–3] (Mo. banc 1968)." *Moore v. Luna,* 626 S.W.2d 417, 418 (Mo.App.1981).

I do not think the time for appeal determines if a case is pending. From my reading of the cases upon which the principal opinion relies, it appears that in those cases there was neither an appeal nor a Rule 29.13 motion.

Here, the case was "pending" on appellant's motion after *Stewart* was decided. The trial court had jurisdiction under Rule 29.13 to rule the motion and possibly change the result. Therefore, the matter was pending and not fully adjudicated. I believe *Stewart* applies.