**Claude GREEN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 19411.**

Missouri Court of Appeals, Southern District, Division One.

Nov. 16, 1994.

Lew Kollias, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

SHRUM, Judge.

On November 30, 1990, Claude Green (Movant) entered a plea of guilty to driving while intoxicated (DWI) in violation of § 577.010, RSMo 1986. Because Movant was charged as a persistent offender, the offense was a class D felony, § 577.023.1(2), RSMo 1986. The trial court sentenced Movant on that date to five years' imprisonment. Execution of his sentence was stayed and he was placed on probation.

In November 1992, Movant's probation was revoked and the trial court ordered the previously imposed five-year sentence to be executed. After that, Movant filed a timely motion under Rule 24.035. The motion court denied the motion without evidentiary hearing. Movant appeals.

Movant contends that the motion court erroneously denied his motion as he was sentenced as a persistent driving-while-intoxicated offender. He says the sentence was improper because the state only pled and showed two prior intoxication related driving offenses before the one in which he entered a plea. He relies on *State v. Stewart,* 832 S.W.2d 911 (Mo. banc 1992), where § 577.023, RSMo 1986, was construed as requiring three offenses before the one charged, to make one a persistent offender. *See Hawkins v. State,* 854 S.W.2d 606 (Mo. App.1993).

The *Stewart* court said that its decision had "retrospective application ... to all pending cases not finally adjudicated as to

the date of this opinion." 832 S.W.2d at 914. The *Stewart* opinion was issued June 30, 1992. Movant's plea was entered and Movant was sentenced on November 30, 1990. Movant argues he is entitled to the benefit of *Stewart* because his sentence was not executed until six months after *Stewart* was decided.

Responding, the state cites *Gougler v. State*, 859 S.W.2d 257 (Mo.App.1993), and *Hawkins*, 854 S.W.2d 606. In each of those cases, defendants were charged as class D offenders under § 577.023, RSMo 1986, where the state only pled two prior intoxicated-related offenses before the one in which they entered a plea. Hawkins and Gougler pled guilty as charged, were sentenced, and were incarcerated before *Stewart* was decided. After *Stewart*, both Hawkins and Gougler filed postconviction motions, claiming that *Stewart* should be applied retroactively to their cases, i.e., that their sentences should be vacated and they should be sentenced anew within the range of a class A misdemeanor. Their claims were rejected by this court.

Judge Prewitt writing for the court in *Hawkins* explained thusly:

"A case is 'pending' until direct review is exhausted. *State v. Jackson*, 836 S.W.2d 1, 8 (Mo.App.1992). See also *State v. Sumlin*, 820 S.W.2d 487, 490 (Mo. banc 1991). As no appeal was taken, that matter was final and not pending at the time of the *Stewart* decision. *Cf. Finely v. State*, 847 S.W.2d 105 (Mo.App.1992); *Barnes v. State*, 826 S.W.2d 74 (Mo.App. 1992). *Stewart* is not available to aid movant."

854 S.W.2d at 607[1, 2]. The *Hawkins* rationale was followed in *Gougler*.

Movant argues that his case is distinguishable from *Hawkins* and *Gougler* because execution of his sentence was suspended when *Stewart* was decided, whereas Hawkins and Gougler were already incarcerated when *Stewart* was handed down. His attempt to explain the supposed distinction is unpersuasive and is rebutted by the following principle of law.

"[I]n the case of a suspended execution of sentence, a criminal conviction has been entered, there is no prosecution 'pending,' . . . and only the act of executing the sentence has been suspended."

*Finley v. State*, 847 S.W.2d 105, 107 (Mo. App.1992) (citing *Barnes v. State*, 826 S.W.2d 74, 76[2] (Mo.App.1992)).

Here, as no appeal was taken when the criminal conviction was entered on November 30, 1990, the matter was not pending at the time of *Stewart*. See *Gougler*, 859 S.W.2d 257, and *Hawkins*, 854 S.W.2d 606. Suspending execution of Movant's sentence did not affect, change, or postpone the finality of the matter. *Barnes*, 826 S.W.2d at 76. *Stewart* does not apply retrospectively to Movant's November 30, 1990, conviction. See *Gougler*, 859 S.W.2d 257, and *Hawkins*, 854 S.W.2d 606.

Judgment affirmed.

FLANIGAN and MONTGOMERY, JJ., concur.