**STATE of Missouri, Respondent,**

v.

**Sean Michael ROMEISER, Appellant.**

## No. WD 58697.

Missouri Court of Appeals,
Western District.

June 5, 2001.

Allan Brent Turner, Chillicothe, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adriane Crouse, Asst. Atty. Gen., Jefferson City, for Respondent.

PAUL M. SPINDEN, Chief Judge.

Sean Michael Romeiser appeals the circuit court's judgment to convict him of assault in the first degree, assault in the second degree and unlawful use of a weapon. Romeiser pleaded guilty to all of the charges. Romeiser attempts to file a direct appeal of the circuit court's judgment.[1]

 "Although a plea of guilty ordinarily waives all defenses and errors, direct appeal still is proper to attack either

---

1. Although Romeiser filed a motion to vacate

and correct judgment with the circuit court,

jurisdiction or the sufficiency of an indictment or information." *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 n. 4 (Mo. banc 1993). We, however, cannot decide whether the issues raised by Romeiser are appealable in a direct appeal [2] because Romeiser filed his direct appeal after the deadline had expired.

■ In a criminal case, a judgment becomes final for purposes of appeal when the circuit court enters the sentence, and any appeal from that judgment must be filed within 10 days after then. *State v. Harris,* 863 S.W.2d 699, 700 (Mo.App. 1993); Rule 30.01(d). "The same time limit applies to those cases where an appeal is permitted from a guilty plea." *Harris,* 863 S.W.2d at 700.

■ The circuit court entered Romeiser's sentence on May 10, 2000. Romeiser did not file this appeal until June 14, 2000. " '[T]he timely filing of a notice of appeal is "the vital step" for perfecting an appeal and is necessary to invoke appellate jurisdiction[.]' " *State v. Morrow,* 316 S.W.2d 527, 529 (Mo.1958) (citation omitted). Although Rule 30.03 allows a defendant to seek leave to file a notice of appeal out of time, Romeiser did not seek such leave.[3] Thus, because we do not have jurisdiction over this appeal, we dismiss Romeiser's appeal.

PATRICIA BRECKENRIDGE, Judge, and VICTOR C. HOWARD, Judge, concur.

he does not purport to be appealing from the denial of this motion. Moreover, even if he were appealing the circuit court's denial of that motion, the motion was not a Rule 24.035 motion or a motion filed under Rule 29.07(d) requesting the withdrawal of the guilty plea.

2. Romeiser's attorney conceded in a letter written to this court on April 9, 2001, that the issues that he raised would not be successful in this appeal. He said, "After further review of the legal issues raised in the State's Brief and having now completed my research on said issues, the Appellant would agree that this is a direct appeal of the trial court's judgment and sentence as alleged by the State. As such, the only issues before the Court can concern the subject matter jurisdiction and/or the sufficiency of the criminal charge. It is our belief that the Appellant would not be successful on these issues in this appeal. Although this is not a dismissal of the Appellant's appeal, the Appellant would have no objection to the Court affirming the Judgment and sentence of the trial court and issuing its mandate on that basis." In his appeal, Romeiser asserted that the 15–year sentence he received for assault in the first degree was cruel and unusual punishment and was disproportionate to the severity of the crime.

3. Rule 30.03 says that a defendant may seek leave to file a notice of appeal out of time "if, within twelve months after the judgment becomes final, a motion for leave to file such notice is filed in the appropriate appellate court and it thereafter sustains the motion and grants such leave." Thus, even if Romeiser sought such leave at this time, his notice of appeal would still be untimely because the judgment was final in this case over one year ago.