Affirmed and Memorandum Opinion filed January 5, 2006









Affirmed and Memorandum Opinion filed January 5, 2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00177-CR

____________

 

STEVEN ALIREZ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th District
Court

Harris County, Texas

Trial Court Cause No.
990,596

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to the offense of stalking
on July 13, 2004, pursuant to a plea bargain. 
In accordance with the terms of the plea bargain, the trial judge
deferred adjudication of guilt, placed appellant on community supervision for
four years, and assessed a fine of $1,000. 
Subsequently, the State filed a motion to adjudicate guilt.  At the hearing, appellant entered a plea of
true to the State=s allegations.  The
trial court found appellant guilty and assessed punishment at confinement
for  three years in the Institutional
Division of the Texas Department of Criminal Justice.  Appellant filed a timely general notice of appeal,
pro se, from the judgment adjudicating guilt.








Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to appellant.  Appellant was advised of the right to examine
the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  Appellant
filed a pro se response raising ten issues.

Given the plain meaning of Article 42.12, section 5(b) of the
Code of Criminal Procedure, an appellant whose deferred adjudication probation
has been revoked and who has been adjudicated guilty of the original charge,
may not raise on appeal contentions of error in the adjudication of guilt
process.  Connolly v. State, 983
S.W.2d 738, 741 (Tex. Crim. App. 1999); Tex.
Code Crim. Proc. Ann. Art. 42.12 ' 5(b) (Vernon Supp. 2000).  Appellant may only raise issues that occur
after adjudication of guilt.  See
Borders v. State,  846 S.W.2d 236,
834, 836 (Tex. Crim. App. 1992).   Nor
may we now consider any complaint concerning the original plea because those had
to have been raised when deferred adjudication community supervision was first
imposed.  Manuel v. State, 994
S.W.2d 658, 661‑62 (Tex. Crim. App. 1999). 

None of appellant=s ten issues raise error that
occurred after adjudication of guilt. 
Appellant raises no error in the punishment phase after the
finding of guilt.  See Borders,
846 S.W.3d at 836.  Consequently, we are
without authority to consider any of appellant=s complaints.

We have carefully reviewed the record and counsel=s brief and agree the appeal is
wholly frivolous and without merit. 
Further, we find no reversible error in the record. 

Accordingly,
the judgment of the trial court is affirmed.








PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed January 5, 2006.

Panel consists of Justices Fowler,
Edelman, and Guzman.

Do Not Publish C Tex. R. App.
P. 47.2(b).