**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Roe Harold LANCE,
Defendant-Appellant.**

No. 10789.

Missouri Court of Appeals,
Springfield District.

Jan. 19, 1978.

See also, Mo.App., 561 S.W.2d 446.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Ted M. Henson, Jr., Scott & Henson, Poplar Bluff, for defendant-appellant.

BILLINGS, Chief Judge.

Defendant Roe Harold Lance was convicted of robbery in the first degree by means of a dangerous and deadly weapon, by a Butler County jury.

The transcript filed herein, approved by the parties, shows that following the overruling of the defendant's motion for new trial, allocution was accorded defendant. This is followed by what is designated as an entry on the Judge's docket sheet:

"It is the Judgment & Sentence of this Court that the Deft. is sentenced to the Missouri Dept. of Corrections for a period of 20 years. Said sentence to run consecutively to a sentence from the Stoddard County Circuit Court.

Court finds the Deft. indigent for purposes of appeal & relieves Clinton Summers as attorney for deft. & appoints Ted Henson of the Butler County Bar to represent the deft. for appeal purposes.

Appeal Bond is set at $30,000.00.

Court Reporter ordered to prepare transcript if Notice of Appeal is filed."

■ This appeal is premature because the docket entry does not constitute a judgment from which an appeal can be taken. Without such a judgment being entered by the clerk, we do not have jurisdiction to consider the appeal.

Rule 27.11, V.A.M.R., requires that "Whenever a judgment upon a conviction shall be rendered . . ., the clerk . . . shall enter such judgment and sentence thereon fully on the minutes, stating briefly the offense for which such conviction shall have been had, and the court shall inspect such entries and conform them to the facts; but the omission of this duty, either by the clerk or judge, shall in nowise affect or impair the validity of the judgment or sentence."

■ The "judgment" here is nothing more than a docket entry and not a judgment as required by the rule, for it nowhere gives a clue to "the offense for which such conviction shall have been had," and the "entry" cannot be transmogrified into a judgment by merely being given that name

in the notice of appeal or in the index of the transcript. *Williams v. Williams,* 480 S.W.2d 525, 527 (Mo.App.1972); *State v. Wilke,* 560 S.W.2d 601 (Mo.App.1978) No. 10709; *State v. Shipman,* 560 S.W.2d 603 (Mo.App.1978) No. 10799; *State v. Asberry,* 553 S.W.2d 902 (Mo.App.1977).

■ Failure to enter the judgment required by Rule 27.11 is not appellant's fault and his appeal will not be dismissed. Nonetheless, as it is essential for the purpose of appellate review that the judgment entry upon conviction be preserved and shown by the transcript, we must hold the appeal in abeyance, remand the cause to the trial court from whence it came for entry of the required judgment, and reinstate the appeal upon receipt of a supplemental transcript containing said judgment. *State v. Skaggs,* 248 S.W.2d 635, 638 (Mo.1952).

It is so ordered.

All concur.