**STATE of Missouri, Respondent,**

v.

**John Eric OLSON, Appellant.**

**No. 18023.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 24, 1992.

Motion for Rehearing or Transfer
Denied Dec. 16, 1992.

Application to Transfer Denied
Jan. 26, 1993.

Gary E. Brotherton, Columbia, for appellant.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

This appeal stems from a driving while intoxicated (DWI) conviction. Both parties agree *State v. Stewart*, 832 S.W.2d 911 (Mo. banc 1992), requires the imposition of the sentence here be reversed and the cause remanded for resentencing. The real issue is what additional relief should be directed.

The Appellant (Olson) was charged by amended information with DWI on December 31, 1990. § 577.010[1]. He was also charged as being a persistent offender (class D felony) under § 577.023,[2] which sets forth provisions enhancing punishment for DWI offenses. The charge alleged Olson pleaded guilty to two misdemeanor charges of DWI. The first plea was entered June 27, 1984, for an occurrence on February 29, 1984. The second plea came on January 23, 1985, for an occurrence on March 8, 1984.

A jury found Olson guilty and the court sentenced him as a persistent offender to 30 days in the county jail with a fine of $2,000. Olson believes the sentence was plainly erroneous under the holding in *Stewart*, discussed *infra*.

In regard to intoxication-related traffic offenses, § 577.023.1 defines prior and persistent offenders as follows:

. . . .

(2) A **"persistent offender"** is one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related traffic offense conviction; and

(3) A **"prior offender"** is one who has pleaded guilty to or has been found guilty of an intoxication-related traffic offense within five years of a previous intoxication-related traffic offense conviction.

A person convicted of DWI who is a prior offender is guilty of a class A misdemeanor, § 577.023.2, while a person convicted of DWI who is a persistent offender is guilty of a class D felony, § 577.023.3. Conviction of a class A misdemeanor carries an authorized term of imprisonment not to exceed one year, § 558.011.1(5), and a fine not to exceed $1,000, § 560.016.1(1). Conviction of a class D felony allows a term of imprisonment not to exceed five years, § 558.011.1(4), and a fine not to exceed $5,000, § 560.011.1(1).

■ *Stewart* determined that § 577.023.-1(2) requires proof of "two offenses within ten years of a previous offense, *not* two prior to the one for which enhancement is sought." 832 S.W.2d at 913. Here, the State was required to charge and prove "a total of three offenses prior to the one at bar," *Id.*, in order to punish Olson as a persistent offender. The State concedes plain error occurred by its failure to do so.

■ By extending the rationale of *Stewart* to the evidence in this case, it is apparent that § 577.023.1(3) requires proof of one offense within five years of a previous offense for a total of two offenses prior to the one at bar. The State's proof met this requirement. Thus, Olson should have been sentenced only as a prior offender to class A misdemeanor penalties. His 30-day jail sentence was within the proper range of punishment, but his $2,000 fine was excessive by at least $1,000. Under these circumstances, Olson requests us to remand the case for the trial court to set an appropriate fine.

■ The State argues that the appropriate remedy would be a remand allowing the State to amend the information to include additional prior intoxication-related traffic offenses, if any. After remand and any amendment of the information, the State contends a hearing should be held to determine Olson's status as a prior or persistent offender. For this request, the State relies on *State v. Street*, 735 S.W.2d 371 (Mo.

---

1. Statutory references are to RSMo 1986 unless otherwise stated.

2. § 577.023 was amended effective July 1, 1992. The amendments are not pertinent to this appeal. Statutory references to § 577.023 are to RSMo Cum.Supp.1991.

App.1987), and *State v. Hutton*, 825 S.W.2d 883 (Mo.App.1992).

Neither *Street* nor *Hutton*[3] convinces us the State's request is appropriate. Essentially, the State asks for remand to search for additional convictions which might give rise to a finding of persistent offender status. In *Street*, the State presented evidence proving three previous felony convictions, but the information did not charge the defendant to be a prior or persistent offender as required by § 558.021.1(1). The case was remanded for "resentencing if, upon amendment of the information and rehearing, the findings of the court support imposition of sentence upon appellant as a prior and persistent offender." 735 S.W.2d at 374. In *Hutton*, the defendant was charged with assault, armed criminal action, and kidnapping. He was charged as a class X offender on the assault count and was properly found to be a class X offender. However, he was sentenced as such offender on all three counts. Relying on *Street*, the *Hutton* court remanded for the "limited purpose of amending the information, making an appropriate finding on the record that defendant is a repeat offender and resentencing." 825 S.W.2d at 889. In neither case was the State allowed to amend the information to allege additional convictions, if any existed.

Here, as required by § 577.023.5(1), (2) and (3), the State did plead facts showing Olson to be a prior offender. Sufficient facts were established to warrant a finding of prior offender status and the court so found. The error occurred when Olson was sentenced as a persistent offender. Olson correctly requests that he be sentenced only as a prior offender.

Rule 30.23 provides, in part, a judgment shall not be reversed because it was erroneous as to the time of imprisonment. In such case this Court "shall sentence such person ... for the correct length of time...." In *State v. Torregrossa*, 680 S.W.2d 220, 228 (Mo.App.1984), the Court construed this rule to allow modification of a fine imposed in excess of the maximum

for a class C misdemeanor. There, the Appellate Court modified the judgment to reflect a $300 fine downward from $1,000. We believe such action is appropriate here.

Olson's last point makes the now common argument that the trial court plainly erred in giving MAI–CR 3d 302.04 which defines reasonable doubt. He contends the definition allowed the jury to convict on proof less than beyond a reasonable doubt. His contention has been repeatedly considered and denied. *State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988); *State v. Griffin*, 818 S.W.2d 278 (Mo. banc 1991). There was no error, plain or otherwise. Point denied.

The judgment of conviction is affirmed. It is modified to impose a maximum fine of $1,000 for a class A misdemeanor violation. As modified, the judgment is affirmed in all other respects.

MAUS and PREWITT, JJ., concur.

---

3. These two cases involve our repeat offender statute, § 558.021 RSMo 1986, which is not totally dissimilar to § 577.023.