**STATE of Missouri, Plaintiff/Respondent,**

v.

**Stanley W. DERING,
Defendant/Appellant.**

**Stanley W. DERING, Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

**Nos. 61950, 63346.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 7, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 4, 1993.

R. Cristine Stallings, Rosalynn Koch, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Joan F. Gummels, Asst. Attys. Gen., Jefferson City, for respondent.

GRIMM, Presiding Judge.

Defendant was charged with "driving while intoxicated 3rd offense—felony" in violation of § 577.010, RSMo 1986. The State alleged and proved two prior intoxication-related traffic offenses. The trial court found defendant to be a persistent offender pursuant to § 577.023.3 [1] and sentenced him to four years in the department of corrections.

On direct appeal, defendant's sole point contends that the trial court erred in finding him to be a persistent offender. The State agrees. In *State v. Stewart*, 832 S.W.2d 911, 913 (Mo. banc 1992), decided after this case was tried, the supreme court determined that the plain language of § 577.023.1(2) requires three prior offenses for a defendant to be a persistent offender.

Although agreeing that remand is necessary, the parties disagree as to what should occur on remand. Defendant contends that since he was not properly charged as a persistent offender, he can only be sentenced as a prior offender for a class A misdemeanor.

He relies on *State v. Olson,* [2] 844 S.W.2d 539 (Mo.App.S.D.1992).

On the other hand, the State contends it should have leave to file an amended information and submit additional prior offenses, if defendant has any. The State relies on *State v. Street*, 735 S.W.2d 371 (Mo.App.W.D. 1987) and *State v. Hutton*, 825 S.W.2d 883 (Mo.App.E.D.1992).

The issue and arguments before us are identical to those raised in *Olson*. There, our southern district colleagues pointed out that in neither *Street* nor *Hutton* "was the State allowed to amend the information to allege additional convictions, if any existed." *Olson*, 844 S.W.2d at 541. The *Olson* court held that the defendant "correctly requests that he be sentenced only as a prior offender." *Id.* We agree with the *Olson* court; on remand, defendant shall be sentenced for the class A misdemeanor of driving while intoxicated. § 577.023.2.

Defendant also appeals the denial of his Rule 29.15 motion. His point relates to his counsel's failure to object to certain statements the State made in closing argument. The motion court's findings and conclusions are not clearly erroneous. A discussion of this point would have no precedential value. The motion court's judgment is affirmed pursuant to Rule 84.16(b).

The defendant's conviction for driving while intoxicated is affirmed; however, the sentence is set aside. The trial court is directed to resentence defendant on that conviction within the range of punishment permitted for a class A misdemeanor. The motion court's judgment denying the Rule 29.15 motion is affirmed.

CARL R. GAERTNER and AHRENS, JJ., concur.

---

1. All statutory references are to RSMo Cum Supp.1992, unless otherwise noted.

2. On January 26, 1993, our supreme court denied application to transfer.