**STATE of Missouri, Respondent,**

v.

**Dallas (Dallis) F. COOMER, Appellant.**

No. 19157, 19158.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 17, 1994.

Rehearing Denied Dec. 9, 1994.

Walter S. Drusch, Lowes & Drusch, Cape Girardeau, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

A jury found Appellant guilty of two counts of driving while intoxicated.[1] § 577.010, RSMo 1986. The trial court, having found Appellant a persistent offender, § 577.023, RSMo Cum.Supp.1992, imposed concurrent sentences of five years' imprisonment on each count.

Because Appellant does not challenge the sufficiency of the evidence to support the verdicts, we need not synopsize it.

Each count was tried on an amended information filed the day of trial, August 31, 1993. Each information alleged Appellant had been thrice convicted of driving while intoxicated, viz:

(1) a guilty plea October 25, 1990;

(2) a guilty plea January 4, 1990;

(3) a guilty plea November 29, 1984.

The prosecutor presented documentary evidence in an effort to prove the alleged convictions. The trial court received the evidence without objection by Appellant and found the evidence sufficient to prove all three.

■ The documentary evidence regarding conviction 3 was marked State's Exhibit 3. Appellant's first point relied on maintains Exhibit 3 was insufficient to prove conviction 3.

The State responds that the issue is unpreserved for review because Appellant "lodged no objection at the time Exhibit No. 3 was admitted at trial." The State does not contend Exhibit 3 was ineligible for admission in evidence and would have been excluded had Appellant objected. Instead, as we understand the State's brief, its position is that Appellant should have objected to the trial court's persistent offender finding on the ground that Exhibit 3 was insufficient to prove conviction 3, and having failed to voice that objection when the finding was made, cannot present the issue on appeal except as plain error.

---

1. The counts were filed as separate cases in the trial court. Case number CR592–751FX arose from an incident that occurred July 18, 1992. Case number CR593–111FX arose from an incident that occurred February 20, 1993. The trial court granted the State's "Motion to Consoli- date" at the start of trial. No issue is raised here about that ruling. The trial court entered a judgment in each case. Appeal number 19157 is from CR592–751FX. Appeal number 19158 is from CR593–111FX. We consolidated the appeals.

The State cites *State v. Childers*, 801 S.W.2d 442, 444 (Mo.App.E.D.1990). The issue there was whether an accused who failed to object to part of the prosecutor's closing argument could, on appeal, charge the trial court with error for failing to declare a mistrial *sua sponte*. *Childers* did not address the issue of whether an accused who is found at trial to be a persistent offender must make a contemporaneous objection to that finding in order to preserve, for appeal, a claim that the evidence was insufficient to support such finding.

We find no case addressing the issue. However, we do find guidance in Rule 27.07(c).[2] It allows an accused against whom a jury returns a verdict of guilty to move for judgment of acquittal within fifteen days after the verdict (which may be extended an additional ten). It further provides: "It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury."

Inasmuch as an accused can, within the time allowed by Rule 27.07(c), challenge the sufficiency of the evidence to support a guilty verdict without having moved for judgment of acquittal before submission of the case to the jury, we hold he may likewise, within the time allowed for filing a motion for new trial, challenge the sufficiency of the evidence to support a finding that he is a persistent offender without having raised the issue by objection when the finding was made.

Here, Appellant filed a timely motion for new trial in each case[3] and raised the issue in each motion. The State's argument that the issue is reviewable for only plain error is without merit.

Turning to Exhibit 3, we find it proves, at best: (1) Appellant was charged with three counts, one of which was driving while intoxicated, (2) he pled guilty to all counts and received concurrent jail sentences, (3) he later moved to withdraw the guilty pleas, (4) the motion was granted, and the conviction was vacated, (5) he thereupon entered a plea of not guilty to "DWI," and (6) on November 29, 1984, he "withdraws former plea of not guilty and enters plea of guilty."

Appellant asserts Exhibit 3 does not reveal which charge he pled guilty to on November 29, 1984. He likens the November 29, 1984, docket entry to the one in *State v. Lance*, 561 S.W.2d 445 (Mo.App.1978), which was held insufficient to constitute a judgment in that it nowhere gave a clue to the offense for which the conviction was had. *Id.* at 446.

The State tacitly concedes Appellant's attack on Exhibit 3 is meritorious, but asserts he is not automatically entitled to be resentenced as only a prior offender (within class A misdemeanor punishment range). Instead, says the State:

"[T]he appropriate remedy would be to remand to the trial court for a hearing to determine if in fact appellant pled guilty to an intoxication-related offense on November 29, 1984[.]"

Citing *State v. Cobb*, 875 S.W.2d 533 (Mo. banc 1994), the State asserts such a hearing "would not result in double jeopardy."

■ Before considering the State's contention, we must identify the law to be applied in determining whether Appellant is a persistent offender. As noted earlier, the dates of the offenses here were July 18, 1992, and February 20, 1993.[4] The version of § 577.023 in effect on each of those dates was the version in RSMo Cum.Supp.1992. Subsection 1(2) of that statute read:

"A 'persistent offender' is one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related traffic offense conviction;"

Under § 577.023.3, RSMo Cum.Supp.1992, any person found guilty of driving while intoxicated and proved to be a persistent offender was guilty of a class D felony.

In *State v. Stewart*, 832 S.W.2d 911 (Mo. banc 1992), the Supreme Court of Missouri,

---

**2.** Rule references are to Missouri Rules of Criminal Procedure (1993), the version in effect when Appellant was tried.

**3.** Footnote 1, *supra*.

**4.** Footnote 1, *supra*.

construing an earlier version of § 577.023.1(2) which was identical to § 577.023.1(2), RSMo Cum.Supp.1992, held the statute required proof of three intoxication-related traffic offense convictions prior to commission of the offense on trial. 832 S.W.2d at 913. This Court followed *Stewart* in *State v. Olson*, 844 S.W.2d 539, 540[1] (Mo.App.S.D.1992).

It is thus evident that if § 577.023.1(2), RSMo Cum.Supp.1992, as construed by *Stewart* and *Olson*, applies to the two counts in issue here, proof of conviction 3 is essential to classify Appellant a persistent offender.

However, by the time Appellant was tried (August 31, 1993), § 577.023, RSMo Cum. Supp.1992, had been superseded by § 577.023, RSMo Cum.Supp.1993.[5] Subsection 1(2) of that statute reads:

"A **'persistent offender'** is a person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses, where such two or more offenses occurred within ten years of the occurrence of the intoxication-related traffic offense for which the person is charged;"

If the 1993 definition of persistent offender applies to the two counts here, Appellant's two 1990 convictions (the proof of which he has not challenged) are all that would be needed to classify him a persistent offender, hence his first point would be moot. We must therefore determine which version of § 577.023 applies, the 1992 version (which was in effect on the dates of commission of the two offenses for which Appellant was tried) or the 1993 version (which was in effect on the date of trial).

In *State v. Lawhorn*, 762 S.W.2d 820 (Mo. banc 1988), the accused committed a felony November 28, 1986. At that time, a prior offender became eligible for parole after serving either one-third of his sentence or twelve months, whichever was shorter. On January 1, 1987, a new statute took effect; it provided that a prior offender must serve forty percent of his sentence before becoming eligible for parole. The accused, a prior offender, was sentenced under the new statute. One of his complaints on appeal was that the new statute was an *ex post facto* law as applied to him.

The Supreme Court of Missouri agreed, explaining that because the new statute took effect after commission of the crime and lengthened the amount of time the accused had to serve before becoming eligible for parole, application of the new statute to him violated his constitutional protection against *ex post facto* laws. *Id.* at 824–26[5].

In an earlier case, *State v. Acton*, 665 S.W.2d 618 (Mo. banc 1984), a driver pled guilty to driving while intoxicated in 1975, and again in 1979. After the latter plea the General Assembly changed the law so as to enhance punishment for a third conviction of driving while intoxicated. After the new law took effect, the driver committed a third offense of driving while intoxicated. He was sentenced under the new law.

On appeal, he maintained the new law, as applied to him, violated his constitutional protection against *ex post facto* laws. The Supreme Court of Missouri disagreed, holding the new statute did not punish the driver for his prior convictions, but instead punished him as a repeat offender for his latest offense on the basis of a demonstrated propensity for driving while intoxicated. *Id.* at 619[1].

An alert reader will recognize that the instant case differs from *Acton* in that here, the new statute took effect *after* commission of the two offenses for which Appellant was tried, whereas in *Acton* the new law took effect *before* commission of the offense for which the accused was tried. As explained below, we believe that difference is crucial.

Under the 1992 version of § 577.023, as construed by *Stewart* and *Olson*, driving while intoxicated was elevated to a class D felony only if the accused had been convicted of three intoxication-related traffic offenses before committing the offense for which he

---

5. Two identical versions of § 577.023 were enacted during the First Regular Session of the Eighty-seventh General Assembly. The version in C.C.S.H.C.S.S.B. No. 167, Laws of Missouri, 1993, appears in § A of that act, pp. 1561–62, and, per § B of that act, p. 1567, took effect June 30, 1993. The version in C.C.S.H.C.S.S.C.S.S.B. No. 180 appears in § B of that act, pp. 1546–47, and, per § C of that act, p. 1551, took effect July 2, 1993.

was on trial. Under the 1993 version of § 577.023, driving while intoxicated is elevated to a class D felony if the accused has pled guilty to or been found guilty of two intoxication-related traffic offenses before committing the offense for which he is on trial.

As explained in *Acton*, 665 S.W.2d at 620, an *ex post facto* law is one which renders an act punishable in a manner in which it was not punishable when it was committed.

Under the law in effect when Appellant committed the two offenses for which he was tried here, proof of only two prior intoxication-related traffic offense convictions would subject him to punishment only within the class A misdemeanor range. Under the law in effect when Appellant was tried, proof of two prior intoxication-related traffic offense convictions would subject him to punishment within the class D felony range. The latter range allows a longer term of imprisonment than the class A misdemeanor range. § 558.011.1, RSMo Cum.Supp.1990.

Applying *Acton*, we hold that inasmuch as the 1993 version of § 577.023 would, upon proof of two prior intoxication-related traffic offense convictions, expose Appellant to more severe punishment than the version in effect when he committed the two offenses here, application of the 1993 version would violate Appellant's constitutional protection against *ex post facto* laws.

We infer from the record that the parties and the trial court applied the 1992 version. For the reasons set forth above, we hold they were correct. Accordingly, whether the two offenses for which Appellant was tried are class D felonies hinges on proof of conviction 3.

■ That brings us to the question of whether, having failed to present evidence sufficient to prove conviction 3 at trial, the State is entitled to a second chance. As reported earlier, the State says *Cobb*, 875 S.W.2d 533, allows one.

In *Cobb*, the accused was convicted of driving while intoxicated and, upon proof of two prior intoxication-related traffic offense convictions, was sentenced as a persistent offender. He appealed. While the appeal was pending, the Supreme Court of Missouri decided *Stewart* which, as we have seen, held

that the statute then in effect required proof of three prior intoxication-related traffic offense convictions in order to classify the accused a persistent offender.

The State maintained in *Cobb* that the case should be remanded to the trial court to allow the State an opportunity to prove a third prior conviction. The accused complained that such a procedure would violate his constitutional protection against double jeopardy.

The Supreme Court of Missouri rejected the accused's contention, affirmed the finding of guilty of driving while intoxicated, reversed the finding that the accused was a persistent offender, set the sentence aside, and remanded the case to the trial court with a directive to permit the State to present whatever evidence it could to prove the accused was a persistent offender. 875 S.W.2d at 534–37.

Appellant attempts to distinguish *Cobb* by proclaiming it "was a court-tried case." Appellant insists that if we find his first point meritorious, we should set aside the two five-year sentences and remand the cases to the trial court with a command to sentence him within the class A misdemeanor range for each offense.

We find nothing in *Cobb* to suggest it was a judge-tried case. One of the accused's complaints in *Cobb* was about the prosecutor's closing argument. 875 S.W.2d at 537. The Supreme Court's discussion of that issue indicates *Cobb* was a jury case. Appellant's argument that *Cobb* does not apply is meritless.

In sum, we agree with Appellant that Exhibit 3 was insufficient to prove conviction 3. Consequently, the trial court's persistent offender finding and the two five-year sentences must be set aside and the cases must be remanded. However, applying *Cobb*, we hold the State is entitled, on remand, to an opportunity to prove conviction 3. Because Appellant did not challenge the proof of convictions 1 and 2 in these appeals, the State need not prove them anew on remand.

■ Appellant's second point relied on is the same in each case. The point reads:

"The 'Amended Information for Felony' is defective in failing to charge [Appellant]

with a violation of any statute except section 577.010, which is a misdemeanor statute, while [Appellant] was sentenced to a five (5) year term in the penitentiary and his sentence should be vacated and sentence imposed pursuant to a conviction under section 577.010."

Rule 30.06(d) reads:

"The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...."

■ Appellant's second point yields no clue as to wherein and why the amended informations failed to charge him with anything other than a misdemeanor. A point relied on which cannot be comprehended without resort to the argument portion of the brief presents nothing for appellate review. *State v. Zahn,* 823 S.W.2d 18, 20–21[1] (Mo.App.E.D.1991); *State v. Smith,* 770 S.W.2d 469, 472[3] (Mo.App.W.D.1989). This Court has no duty to resort to the argument section of the brief to ascertain "wherein and why" Appellant believes the amended informations charged only misdemeanors. *State v. Stoer,* 862 S.W.2d 348, 355 (Mo.App.S.D.1993). Appellant's second point is a nullity.

Appellant's final point asserts the "Amended Information for Felony" in each case was not "before the court" in that each amended information shows on its face that it was in "Associate Division 5" of the Circuit Court. Appellant maintains he was tried in "Division I" of the Circuit Court.

According to Appellant, the consequence of this was that he was tried on the original information in each case. Appellant says the original informations differed from the amended informations in that the originals, instead of pleading conviction 3, pled convictions in 1982 and 1985. Because the State presented no proof of a 1982 or 1985 conviction, Appellant contends he was, at most,

shown to be only a prior offender (two intoxication-related traffic offense convictions).

Contrary to Appellant's assertion, the transcript shows he was tried in "Division III" of the Circuit Court, not Division I. In any event, the point is meritless.

Rule 23.11 reads:

"No ... information shall be invalid ... because of any defect therein which does not prejudice the substantial rights of the defendant."

Appellant makes no effort to demonstrate he was prejudiced by the failure of the amended informations to correctly designate the division of the Circuit Court in which he was tried—whatever division it was.

■ Furthermore, formal defects in an information are waived if an accused proceeds to trial without objection. *Walster v. State,* 438 S.W.2d 1, 3[3] (Mo.1969). Appellant proceeded to trial without registering the objection he now raises in his third point. Applying *Walster,* we hold Appellant waived any error in the failure of the amended informations to correctly identify the division in which he was tried.

■ One final item must be addressed. In his reply brief, Appellant attempted to raise a claim of error that does not appear in the points relied on in his original brief. Assignments of error first set forth in a reply brief do not present issues for appellate review. *State v. Virgilito,* 377 S.W.2d 361, 366–67[5] (Mo.1964).

The judgment and sentence in both cases—but not the jury verdicts—are reversed. Each case is remanded to the trial court, which is directed to grant the State an opportunity to prove conviction 3 (if the State elects to do so). If the State proves conviction 3, the trial court shall sentence Appellant as a *persistent* offender pursuant to § 577.023, RSMo Cum.Supp.1992. If the State does not prove conviction 3, the trial court shall sentence Appellant as a *prior* offender per the same statute.[6]

GARRISON, P.J., and PREWITT, J., concur.

---

**6.** The State has not asserted it should be allowed on remand to prove any prior conviction except conviction 3. We therefore need not consider whether *Olson,* 844 S.W.2d at 540–41[3], which arguably would not permit the State to do so, has been superseded by *Cobb,* 875 S.W.2d at 537[5].