**STATE of Missouri, Plaintiff–Respondent,**

v.

**Glen McGOWAN, Defendant–Appellant.**

**Glen McGOWAN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 20607, 21225.

Missouri Court of Appeals,
Southern District,
Division Two.

July 23, 1997.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Presiding Judge.

Glen McGowan (defendant) was convicted following a jury trial of possession of contraband on jail premises. § 221.111.1(1).[1] He was charged and sentenced as a persistent offender. § 558.016.3.

Defendant thereafter filed a pro se motion for post-conviction relief as permitted by Rule 29.15. Counsel was appointed and an amended motion filed. The motion court determined that the pro se motion had not been filed within the time prescribed by Rule 29.15(b) (as in effect December 31, 1995[2]). See Rule 29.15(m).

Defendant appeals the judgment of conviction and sentence in his criminal case (No. 20607) and the order dismissing his Rule 29.15 motion (No. 21225). This court re-

---

1. References to statutes are to RSMo 1994, unless stated otherwise.

2. Defendant was sentenced November 8, 1995. His Rule 29.15 motion was filed March 21, 1996.

verses and remands No. 20607 and dismisses No. 21225.

On July 14, 1995, defendant was a prisoner at the Dunklin County Jail. He was in a work release program. He was released from jail each morning. He was required to return each evening by 8:00 p.m. Defendant returned to jail at 7:30 p.m. that evening. He had a clear plastic bag in his possession.

A jailer checked defendant's possessions for contraband. He examined the contents of the plastic bag. He found a change purse with coins in it, a brown bag containing bubble gum and a Kentucky Fried Chicken box. The Kentucky Fried Chicken box contained a chicken leg, a biscuit and waxed paper. There was another bag beneath the waxed paper that contained marijuana. Defendant told the jailer he used marijuana for relaxation; that he used it so he could go to sleep at night. The director of the laboratory where the marijuana was sent for testing testified that the marijuana weighed approximately 2.9 grams.

Defendant presents three claims of error. Points I and II are directed to the appeal of defendant's criminal case. Point III is directed to the appeal of the order dismissing his Rule 29.15 motion.

Point I contends the trial court erred in sentencing defendant as a persistent offender. It asserts that one of the judgments on which the state relied to prove defendant was a persistent offender, a judgment from the state of Florida, "did not establish beyond a reasonable doubt that the crime was a felony." The state undertook to prove the Florida conviction by offering "a certified, authenticated copy of a Florida conviction in support of the allegation." Defendant argues that the exhibit, State's Exhibit No. 2, was inadequate because it failed to identify the offense as a felony.

The exhibit states:

#### JUDGMENT AND SENTENCE

You, GLEN ELWOOD MCGOWAN, now being before this Court, and having been found to be guilty, the Court does (XXXXXXXX) adjudge you to be guilty of ROBBERY what have you to say why the judgment of the court and the sentence of the law should not now be pronounced against you?

And he(XXXX) GLEN ELWOOD MCGOWAN saying nothing in bar or preclusion thereof:

IT IS HEREBY ORDERED ADJUDGED AND DECREED that you GLEN ELWOOD MCGOWAN be sentenced to:

THE STATE PENITENTIARY AT RAIFORD, FOR A TERM OF THREE TO TEN YEARS,

TIME

WITH CREDIT OF 39 DAYS, JAIL/BE GIVEN TO YOU.

You may appeal this sentence within thirty days, if you so desire and if you do not have the money to hire counsel, the court will then furnish you with counsel.

DONE AND ORDERED in Circuit Court, of Hardee County, Florida, this the 18th day of MARCH, 19 75 .

/s/ Joel Euers
CIRCUIT JUDGE

■ Missouri has adopted "The Uniform Judicial Notice of Foreign Law Act." *See* §§ 490.070—.120. Section 490.080 provides, "Every court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States." Section 490.090 permits Missouri courts to inform themselves as to the laws of other states in such manner as the courts deem proper. Thus, the trial court was permitted to examine Florida law to ascertain if the robbery offense for which defendant was sentenced in Florida was a felony. Likewise, this court may review Florida law for that purpose.

■ The evidence, however, did not disclose the date the Florida offense was committed. Without knowing the date of the offense, the applicable Florida statute that established the criminality of defendant's act could not be determined by the trial court and cannot be ascertained by this court.

A search of Florida Statutes Annotated (F.S.A.) confirms that under current Florida

law, the offense denominated as "robbery" is a felony. *See* § 812.13, F.S.A. This statute has been in effect in the state of Florida, with minor changes, since 1974. Before the effective date of the current statute, Florida had a series of other statutes that addressed the crime of robbery.

In order to find and judicially notice the applicable statute, the date the offense was committed would have to be known. That date does not appear in the record on appeal. Whether defendant's Florida conviction was for a felony offense is, therefore, unproven. For that reason Point I must be granted and the judgment and sentence reversed and remanded.

■ The guilty verdict in this case is unaffected by the requirement that the judgment and sentence be reversed and remanded due to error in determining defendant was a persistent offender. *See State v. Cobb*, 875 S.W.2d 533 (Mo. banc), *cert. denied*, 513 U.S. 896, 115 S.Ct. 250, 130 L.Ed.2d 172 (1994); *State v. Coomer*, 888 S.W.2d 356 (Mo.App. 1994). On remand the state is permitted an opportunity to prove that the Florida conviction was a felony as alleged in the amended information. *Cobb*, 875 S.W.2d at 534–37; *Coomer*, 888 S.W.2d at 360. Judgment and sentence can then be imposed consistent with the determination.[3]

Point II is directed to the merits of the adjudication of defendant's guilt. It alleges the trial court erred in refusing to instruct the jury on misdemeanor possession of marijuana as a lesser included offense of possession of contraband on jail premises because there was evidence that the amount of marijuana was less than 35 grams. Defendant argues the jury could have found defendant was not in the jail premises at the time the offense occurred.

Defendant submitted a proposed instruction for a lesser included misdemeanor offense of possession of marijuana. The tendered instruction was patterned after MAI–CR3d 325.02. The trial court refused that instruction.

The offense defendant was charged with and convicted of committing was possession of contraband on jail premises in violation of § 221.111. The statute provides, as applicable to this case:

1. No person shall knowingly deliver, attempt to deliver, have in his possession, deposit or conceal in or about the premises of any county jail or other county correctional facility:

(1) Any controlled substance as that term is defined by law, except upon the written prescription of a licensed physician, dentist, or veterinarian;

.    .    .    .    .

■ Even if misdemeanor possession of marijuana in violation of § 195.202.3 were a lesser included offense of possession of contraband on jail premises, an issue this court declines to address, Point II is not well-taken.[4] Where there is strong and substantial proof a defendant is guilty of the offense charged and the evidence reveals no lack of an essential element of the more serious offense, an instruction on a lesser included offense is not necessary. *State v. Montgomery*, 809 S.W.2d 47, 49 (Mo.App.1991).

■ The element of the charged offense which defendant suggests a jury could have failed to find is that he possessed marijuana "in or about the premises of any county jail...." § 221.111.1. The uncontroverted evidence was that defendant was in the Dunklin County Jail when he was found to be in possession of marijuana. Unlike in *State v. Beck*, 849 S.W.2d 668 (Mo.App.1993), in which the court found it error not to have

3. The other offense used to show defendant was a persistent offender is not challenged on appeal. Defendant was charged as a prior and persistent offender. Therefore, in the event the Florida conviction is not proven to be a felony, the trial court may proceed to sentence defendant as a prior offender. *See* § 558.016.1 and .2.

4. The part of § 195.202 on which defendant relies states:

1. Except as authorized by sections 195.005 to 195.425, it is unlawful for any person to possess or have under his control a controlled substance.

3. Any person who violates this section with respect to not more than thirty-five grams of marijuana is guilty of a class A misdemeanor.

given an instruction on a lesser included marijuana offense, no evidence in this case justified the request for an instruction on misdemeanor possession of marijuana. Point II is denied.

Point III asserts the motion court erred in denying defendant's Rule 29.15 motion on the basis that it was not timely filed. Because the judgment to which defendant's Rule 29.15 motion was directed must be reversed, defendant's Rule 29.15 motion is moot. Nevertheless, this court notes that the challenge defendant posed to the motion court's action is one frequently raised on appeal and consistently found to be without merit. *See Day v. State,* 770 S.W.2d 692, 695 (Mo. banc), *cert. denied sub nom., Walker v. Missouri,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989) ("The time limitations contained in *Rules 24.035* and *29.15* are valid and mandatory.").

The judgment and sentence in No. 20607 are reversed and remanded for proceedings regarding sentencing consistent with this opinion. No. 21225 is dismissed.

MONTGOMERY, C.J., and SHRUM, J., concur.